CENTRAL STATES SIDING AND INSULATION, INC., a Corporation, Plaintiff-Appellee, v. MALONE et, Defendants-Appellants.

Ohio Appeals, Second District, Madison County.

No. 238. Decided December 28, 1957.

Forrest E. Sidener, Jr., London, for plaintiff-appellee.
John W. Tanner, London, for defendants-appellants.

## OPINION

By HORNBECK, PJ.

This is an appeal from an order of the Common Pleas Court dismissing the petition of defendants to vacate a judgment on behalf of plaintiff taken under power of attorney on a cognovit note on which defendants were makers and the plaintiff was the payee.

The facts are that plaintiff took its judgment for $1485.00 with interest and costs on June 15, 1956. The installment note, a part of the petition was dated May 2, 1956. It provided for the payment of $1485.00:

"in ____ equal successive monthly instalments of $____ each, the first instalment to be paid on the     day of 19 . and subsequent instalments on the same day of each month thereafter until paid in full.

"Upon default in the payment of any instalment when due, all

instalments then remaining upaid shall, at the option of the holder thereof, become immediately due and payable."

Execution was issued on this judgment, levy made on certain real estate owned by defendants, sale ordered, property sold to Edward Shy, Jr., on August 30, 1956. Thereafter, upon application of the purchaser, the order of sale was set aside and a deposit on the purchase money returned to him. Before this last order was made, of date August 28, 1956, there was filed in the case an assignment of the judgment from plaintiff to the Cotton Lumber Company.

Defendants, on September 17, 1956, filed their petition to vacate the judgment against them. The petition averred that the defendants were not summoned, had no legal notice of the time and place of the taking of judgment against them; that it was taken in an amount larger than the sum then due plaintiff and that plaintiff failed and neglected to advise the court of the existing contract by reason of which the note was executed. At the same time, defendants proffered and filed an answer which included the averments of the petition, set forth a copy of the contract as a result of which the note was given. This answer averred that on June 15, 1956, the date when the judgment was taken, the work which plaintiff was to perform for defendant had not been completed. The answer also averred that under the terms of the original contract which was for $975.00, and the terms of a second contract in the amount of $510.00, which were pleaded, the payments were to be made in installments of $33.18 each month on the first contract and $17.35 monthly on the second contract; first payment on each contract due 60 days after the date thereof. It will be noted that the judgment was entered June 15, 1956, which was less than 60 days after the date of either the first or the second contract set up in the answer. The note upon which the judgment was taken is blank as to the date when it is due.

Summons was issued on the petition to vacate upon plaintiff, Central States Siding and Insulation Inc. This summons was served September 21, 1956.

On January 31, 1957, the Cotton Lumber Company, assignee of the judgment, by counsel, moved to be made a party to the action. At all times the title of the case was as originally carried, namely, Central States Siding and Insulation Inc., a Corporation, plaintiff, and Arthur T. Malone and Catherine Malone, defendants. This motion set out the ownership, by sale, assignment and transfer to the Cotton Lumber Company, of the judgment of the plaintiff against the defendants. It asserted that (1) "it was a party united in interest and (2) a necessary party to a complete determination or settlement of the questions involved herein."

On February 28, 1957, the motion of the Cotton Lumber Company was sustained, the entry in which provided that "it be made a party defendant and that service be obtained thereupon according to law." This entry was approved by the attorney for the Cotton Lumber Company and upon its face is written "Submitted to defendants counsel according to rule." Thereafter, on July 2, 1957, this entry was spread upon the record:

"The Court, sua sponte, finds that the judgment herein was rendered against the defendants on 15 June 1956, subsequently within term an assignment of said judgment was entered on the docket and in the case to the Cotton Lumber Company.

Thereafter, at the succeeding term of Court, defendants, filed their petition to vacate said judgment and failed to make said assignee a party. At the next succeeding term of Court, to-wit, on 28 February 1957, ordered the defendants through their attorney J. Harvey Crow to make said assignee a party and issue summons according to law. All of which said defendants have failed and neglected to do.

It is therefore ordered, adjudged and decreed that said petition to vacate be and the same hereby is dismissed at defendants costs and their exceptions noted."

This is the order from which the appeal is prosecuted. Two errors are assigned: (1) Judgment of the Court is Contrary to law. (2) That the Court had no authority to dismiss the petition to vacate said judgment without notice.

At the outset, we admit that there are aspects of the law of this case as to which we are not certain. However, we feel that it is only just to consider the order appealed from in the broader aspects of the record and as it affects the basic rights of the parties.

The finding of the trial judge that "the assignment of the judgment was noted upon the docket and in the case of the Cotton Lumber Company" is not incorporated as a ground for the sustaining of the motion, but we must assume that in the consideration and determination of the motion, the trial judge found this condition to be a fact. This being true, it was the obligation of the defendants when they filed their petition to vacate to make the Cotton Lumber Company a party and to issue process to it. But this was not done and thereafter the Cotton Lumber Company filed its motion to be made a party without specifying whether a party plaintiff or defendant. It did state that it was a party united in interest, obviously with plaintiff.

What, then, was the proper order of the Court and the obligation of defendants and the Cotton Lumber Company when the trial judge sustained its motion.

The style of the case wherein a motion or a petition is filed to vacate a judgment does not change §2307.03 **R. C.** Although the petitioners in the proceedings to vacate are the defendants in the caption, the original action must be prosecuted by the real party in interest. **Sec. 2307.05 R. C.**

The plaintiff having assigned and transferred all of its interest in the judgment to the Cotton Lumber Company, it would appear to be the real party in interest. **Sec. 2307.19 R. C.**, provides:

"Any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of a question involved therein."

If we construe §2307.05 and §2307.19 **R. C.**, together, the first part of §2307.19 **R. C.**, will control. It is inconceivable that the Cotton Lumber Company had any interest adverse to the plaintiff and §2307.20 **R. C.**,

provides that "parties who are united in interest must be joined as plaintiffs or defendants. * * *."

But for the requirement that no change should be made in the caption of the case this statute would authorize a joinder of the Cotton Lumber Company with the plaintiff, Central State Siding and Insulation Company, Inc.

It has been held that the requirement in §2307.20 R. C., as to the joinder of parties in interest is mandatory in character as to such parties and applies at all stages of litigation. **Columbia Graphophone Co. v. Slawson, 100 Oh St 473; Clark, Exr. et al v. The McClain Fire Brick Co., 100 Oh St 110.**

The most logical status of the Cotton Lumber Company would be that of a substitute party plaintiff, §2307.25 R. C.; 30 O. Jur. 804, paragraph 73, but for the fact that it did not own the note when the judgment was taken.

The most vital question is, was the order that the Cotton Lumber Company be served with process a necessary or proper order and mandatory upon defendants to observe.

It is our judgment, that upon the sustaining of the Cotton Lumber Company's motion predicated upon the fact that it was the sole owner of the judgment described and directing that it be made a party, it was not required that it be served with summons. It had entered its appearance and should have been made a party with leave to plead. The entry dismissing defendants petition did not specifically state that they were required to serve summons upon the Cotton Lumber Company.

In view of the uncertain situation as to the status of the parties, it is understandable that there may have been uncertainty by the defendants as to their obligation under the order sustaining the motion of the Cotton Lumber Company.

The trial judge is to be commended for his action in attempting to speed up the processes of the Court. However, had the Cotton Lumber Company been made a party and permitted to plead, the matter could have been assigned and determination could have been made upon the petition to vacate. Although not controlling, it is interesting to observe that, in probability, the dismissal of the petition would not preclude the defendants from again instituting their proceeding to vacate the judgment against them. The dismissal would not have the effect of terminating the issue sought to be drawn by their petition and the answer filed in connection therewith.

The dismissal of the petition of the defendants was, under the facts developed and the law, prejudicially erroneous to them. The order will be reversed and the cause remanded for further proceedings according to law.

WISEMAN and CRAWFORD, JJ. concur.